UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAX LEVAI,<br><br>    Plaintiff,<br><br>v.<br><br>MARLBOROUGH GALLERY, INC., STANLEY N. BERGMAN, and FRANZ PLUTSCHOW,<br><br>    Defendants. | **Civil Action No. 1:20-cv-7911 (AJN)**<br><br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 2/8/2021 |

# STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff Max Levai ("Plaintiff") and defendants Marlborough Gallery, Inc. ("Marlborough") and Stanley N. Bergman ("Bergman" and together with Marlborough, "Defendants" and, together with Marlborough and Plaintiff, the "Parties" and each a "Party"), by, between, and among their respective counsel, have stipulated and agreed that certain documents, testimony, and information to be provided or produced in the above-captioned action (the "Litigation") may merit Confidential or Highly Confidential treatment (as defined below):

IT IS HEREBY STIPULATED AND AGREED that:

1. This Stipulated Confidentiality Agreement and [Proposed] Protective Order (the "Stipulation") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production, and any other information or material produced, given or exchanged by and among the Parties in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

2. Any non-party to this Litigation may handle any Discovery Material it produces, whether pursuant to subpoena or by agreement, pursuant to the terms of this Stipulation, upon such non-party's execution of an Acknowledgment and Agreement to Be Bound in the form attached to this Stipulation as Exhibit A.

3. As used herein:

    a. The term "Confidential" means Discovery Material, that the Producing Party reasonably and in good faith believes constitutes, contains, and/or would disclose the Producing Party's (i) trade secret or other confidential non-public research, design, development, financial or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G) and any applicable case law interpreting Federal Rule of Civil Procedure 26(c)(1)(G); (ii) non-public personal or sensitive information; or (iii) other information for which applicable federal or state law requires confidential treatment.

    b. The term "Highly Confidential" means Confidential Discovery Material that the Producing Party reasonably and in good faith believes is of such a highly sensitive nature the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the Producing Party or its personnel, clients, or customers if disclosed. Should a Producing Party identify categories of documents in addition to those identified in this paragraph that the Producing Party wishes to designate as Highly Confidential the Parties shall meet and confer in good faith regarding the Producing Party's proposed designation and, if the

Parties are unable to reach agreement on the proposed designation, each Party expressly reserves the right to seek appropriate relief from the Court.

c. "Protected Information" shall mean Discovery Material that is designated as Confidential or Highly Confidential.

d. The Party or non-party who provides Protected Information is referred to herein as the "Producing Party."

e. The Party or non-party who receives Protected Information is referred to herein as the "Receiving Party."

4. The designation of Discovery Material in connection with this Litigation as Confidential or Highly Confidential shall be made in the following manner:

a. In the case of documents, interrogatory answers, responses to requests to admit, or other written materials (apart from deposition transcripts): by affixing (without obscuring or defacing the contents of the document) the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be, to each page of the document or written material containing any Protected Information (in the case of documents, each such designation is to be made on a document by document basis), or if impracticable, by otherwise indicating via cover letter or other written communication by the Producing Party that the specified materials are Confidential or Highly Confidential (*e.g.*, in the case of documents produced in native, electronic form, the confidentiality can be designated on the placeholder sheet produced along with that document, or in a confidentiality metadata field); and

  b. In the case of depositions, including any exhibits introduced or discussed during such deposition or other pre-trial testimony: all deposition testimony, without regard to whether a designation of confidentiality was made on the record, shall be treated as Confidential for a period of twenty-one (21) days from the date of transmission of the official written transcript by the court reporter to the Parties. During that twenty-one (21) day period, the Party or non-party producing the witness may designate in writing some or all of the transcript as Confidential or Highly Confidential, listing the specific pages and lines of the transcript that should be treated as Confidential or Highly Confidential. No portion of the transcript shall be deemed Confidential or Highly Confidential after the twenty-one (21) day period described herein if the Party or non-party producing the witness does not designate in writing some or all of the transcript as Confidential or Highly Confidential. The Parties may extend the twenty-one (21) day period by agreement.

5. To maximize the security of information in transit, any media on which Protected Information is produced shall be encrypted by the Producing Party. In such cases, the Producing Party shall transmit the encryption key or password to the Receiving Party, under separate cover, contemporaneously with sending the encrypted media. If a Party provides another Party's Protected Information to a third-party, as identified and permitted under this Stipulation, that Party shall comply with the requirements of this paragraph as if it were the Producing Party.

6. A Producing Party who designates any Discovery Material Confidential or Highly Confidential bears the burden of establishing the Confidential or Highly Confidential status of

such Discovery Material in any situation in which the designation is at issue, and nothing in this Stipulation shall be construed to alter such burden.

7. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of the Discovery Material as Confidential or Highly Confidential. The Parties shall meet and confer in good faith regarding any such disagreement over the classification of Discovery Material and if the Producing Party does not agree to change the designation of such Discovery Material, the Receiving Party may move the Court for an order removing the designation of such Discovery Material as Protected Information. Upon such a motion, the Producing Party shall bear the burden to prove that the Discovery Material in question is Protected Information. If such a motion is filed, the Discovery Material shall be deemed Protected Information, with the same confidentiality designation as asserted by the Producing Party, unless and until the Court rules otherwise.

8. The Producing Party must designate only the Discovery Material or parts thereof that the Producing Party believes in good faith qualify as Confidential or Highly Confidential. If the Producing Party later determines that Protected Information does not or no longer qualifies for the protection initially asserted, then the Producing Party must notify all Receiving Parties that it is withdrawing the mistaken or inapplicable designation.

9. Confidential Discovery Material or copies or extracts therefrom and the information therein shall not be furnished, shown, or disclosed to any person or entity except to:

    a. counsel of record for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are working under the direction and supervision of such counsel in the preparation of this Litigation for trial or in connection with other

        proceedings herein;

b.    Marlborough's in-house counsel, if any, providing legal advice to Marlborough in connection with this Litigation and the paralegals and other professional personnel supporting such in-house counsel. Confidential Discovery Material disclosed to in-house counsel, paralegals, and other professional personnel supporting such in-house counsel, may not be used for any business or other purpose unrelated to the prosecution or defense of this Litigation;

c.    experts or consultants and employees of such experts or consultants assisting counsel in this Litigation, who have executed the Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A;

d.    third-party vendors or consultants retained by the Parties or their counsel to furnish copying, imaging, computer, or technical services in connection with this Litigation;

e.    the Court and court personnel;

f.    court reporters and videographers recording testimony in this Litigation and any necessary secretarial, clerical, or other personnel of such person;

g.    trial and deposition witnesses (and their counsel), during the course of, and to the extent necessary in preparation for, testimony or for purposes of obtaining an affidavit, declaration, or certification in this Litigation who have executed the Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A;

6

      h.      the Parties, including current directors, officers, and employees of the Parties, and former directors, officers, and employees of the Parties who have executed the Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A;

      i.      the author, addressees, and recipients of the Protected Information, and any other party expressly referred to in the Protected Information, provided such other party executes the Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A;

      j.      any mediator, special master, discovery referee, or arbitrator engaged by the Parties in connection with this Litigation;

      k.      the insurers and reinsurers of the Parties to this Litigation, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this Litigation; and

      l.      any other person, upon the prior written agreement of the Producing Party (which agreement may be recorded in a deposition or other transcript) or upon order of the Court, provided such other person executes the Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A.

10.    Highly Confidential Discovery Material or copies or extracts therefrom and the information therein shall not be furnished, shown, or disclosed to any person or entity except to:

      a.      counsel of record for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are working under the direction and supervision of such counsel in the

|   | preparation of this Litigation for trial or in connection with other proceedings herein; |
|---|---|
| b. | experts or consultants and employees of such experts or consultants assisting counsel in this Litigation, who have executed the Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A; |
| c. | third-party vendors or consultants retained by the Parties or their counsel to furnish copying, imaging, computer, or technical services in connection with this Litigation; |
| d. | the Court and Court personnel; |
| e. | court reporters and videographers recording testimony in this Litigation and any necessary secretarial, clerical, or other personnel of such person; |
| f. | trial and deposition witnesses (and their counsel), during the course of, and to the extent necessary in preparation for, testimony or for purposes of obtaining an affidavit, declaration, or certification in this Litigation who have executed the Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A; |
| g. | any mediator, special master, discovery referee, or arbitrator engaged by the Parties in connection with this Litigation; and |
| h. | any other person upon the prior written agreement of the Producing Party (which agreement may be recorded in a deposition or other transcript) or upon order of the Court, provided such other person executes the Acknowledgment and Agreement to Be Bound in the form attached hereto |

as Exhibit A.

11. Counsel of record for the Party or non-party that has disclosed Protected Information in accordance with this Stipulation, will maintain copies of the Acknowledgment and Agreement to Be Bound, in the form attached hereto as Exhibit A, which has been executed in accordance with paragraphs 9 and 10 herein, until the termination of this Litigation.

12. Except to the extent provided for in Paragraph 13 herein, no Receiving Party or their counsel shall read aloud, quote, paraphrase, or summarize the contents of any Confidential or Highly Confidential Discovery Material to anyone other than the persons identified in paragraphs 9 and 10 herein, including subparts. Additionally, no Receiving Party or their counsel shall read aloud, quote, paraphrase, or summarize the contents of any Confidential or Highly Confidential Discovery Material at any public hearing without first providing the Court and the Producing Party with reasonable advance written notice of its intention to do so.

13. Notwithstanding the foregoing and for the avoidance of doubt, nothing contained in this Stipulation shall preclude counsel of record from giving advice to a Party in connection with this Litigation that such counsel reasonably and in good faith believes requires them to provide a general evaluation or description of Highly Confidential Discovery Materials, provided that such counsel shall not transmit or otherwise produce the Highly Confidential Discovery Material in whole or in part in violation of the terms of this Stipulation.

14. Any person receiving Protected Information shall not reveal or discuss such information with any person not entitled to receive such information under the terms hereof.

15. Any Receiving Party shall maintain Protected Information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the Receiving Party with

respect to its own proprietary material. Protected Information shall not be copied, reproduced, summarized, extracted, or abstracted, except to the extent that such copying, reproduction, summarization, extraction or abstraction is reasonably necessary for the conduct of this Litigation. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of this Stipulation and shall be treated as Confidential or Highly Confidential in accordance with the provisions of this Stipulation.

16. This Stipulation shall not apply to the introduction of evidence at any evidentiary hearing or trial, which procedure shall be subject to further order of the Court. Before the trial or evidentiary hearing begins, the Parties will meet and confer in good faith to agree to a procedure for identification and use of Protected Information at trial or evidentiary hearing. If the Parties cannot reach agreement, either Party may seek appropriate Court orders concerning the handling at trial, or during evidentiary hearings, of Protected Information.

17. A Party may designate as Confidential or Highly Confidential any Discovery Material produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel, in writing, of those documents that are to be stamped and treated as Protected Information at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential.

18. Any Receiving Party who seeks to file with the Court any Discovery Material that has previously been designated by any Producing Party as comprising or containing Protected Information, or any pleading, brief or memorandum which reproduces, paraphrases or discloses

Protected Information, shall either (a) obtain the Producing Party's permission to remove the confidentiality designation for the Protected Information, or (b) seek leave of the Court to file the Protected Information under seal. The Parties shall use their best efforts to minimize such sealing. The Parties will comply with Federal Rule of Civil Procedure 5.2 pertaining to redacted filings and the Court's Individual Practices regarding the same.

19. Any Discovery Material that may contain Protected Information that has been produced without identification as to its protected nature as provided in Paragraph 4 of this Stipulation, may be so designated by the Party asserting the confidentiality designation by written notice to counsel for the Receiving Party identifying the Discovery Material as Confidential or Highly Confidential within a reasonable time following the discovery that the document or information has been produced without such designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the Discovery Material to the Receiving Party reflecting the Confidential or Highly Confidential designation. The Receiving Party shall replace the originally designated Discovery Material with the newly designated Discovery Material and shall destroy the originally designated Discovery Material or return such material to the Producing Party. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Information or Highly Confidential Information, as applicable, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure. In the event that a disclosing Party inadvertently fails to stamp or otherwise designate a document or other material as Confidential or Highly Confidential at the time of its production, that disclosing Party may stamp or otherwise designate the document or other material as Confidential or Highly Confidential at any reasonable time thereafter. The delay in so designating a document shall not, in and of itself, be deemed to have

effected a waiver of any of the protections of this Stipulation, and the Parties will make reasonable efforts to claw back any previously disseminated undesignated documents that are later designated as Confidential or Highly Confidential.

20. All Discovery Material shall be utilized by the Receiving Party solely for purposes of this Litigation, including preparing for and conducting pre-trial, trial, and post-trial proceedings, and the enforcement of insurance rights with respect to this Litigation, and for no other purposes whatsoever. No Party or attorney or other person subject to this Stipulation shall distribute, transmit, or otherwise divulge any Protected Information or the contents thereof, except in accordance with this Stipulation.

21. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information it has received from a Producing Party to any person or in any circumstance other than that which is authorized by this Stipulation and any subsequent order, the Receiving Party must promptly, after discovery of the disclosure, (a) notify the Producing Party in writing of the unauthorized disclosure(s) and the identity of such persons(s) to whom Protected Information was disclosed, (b) make reasonable efforts to retrieve all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Stipulation, and (d) request that the Unauthorized Recipient(s) execute the Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A.

22. If, in connection with any other action or proceeding, a Receiving Party is subpoenaed, is served with a document demand or is otherwise compelled by law to produce documents that it obtained from a Producing Party in this Litigation (collectively, a "Demand"),

the Receiving Party shall give prompt written notice by hand or electronic or facsimile transmission, within five (5) business days of receipt of such Demand, to the Producing Party or its counsel. The Receiving Party shall not produce any of the Producing Party's Discovery Material, unless court-ordered or otherwise required by law, for a period of at least ten (10) days after providing the required notice to the Producing Party. If within ten (10) days of receiving such notice, the Producing Party gives notice to the Receiving Party that the Producing Party opposes production of its Discovery Material, the Receiving Party shall object to the Demand, citing this Stipulation, and not thereafter produce such Discovery Material, except as required by law. The Producing Party shall be solely responsible for pursuing any objection to the requested production in the other action or proceeding. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Discovery Material covered by this Stipulation, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. In the event that Discovery Material is produced to a non-party to this Stipulation in response to a Demand, such Discovery Material shall continue to be treated in accordance with any designation as Confidential or Highly Confidential by the Parties to this Stipulation.

23. To the maximum extent permitted by law, the Parties agree that the production of documents, communications, or other information, whether inadvertent or otherwise, shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 regarding production of documents, electronically stored information, or information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law. This Stipulation is intended to and shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

24. A Party's disclosure in connection with this Litigation, whether inadvertent or otherwise, of any Discovery Material that such Party believes constitutes, contains, or reflects information protected by the attorney-client privilege, the common interest privilege, the work-product doctrine or any other applicable privilege or immunity (the "Privileged Materials"), shall not constitute a waiver of any such privilege or immunity in this Litigation or in any other federal or state proceeding. If a Party receives apparently Privileged Materials, it must refrain from further use or examination of the Privileged Materials, and shall immediately notify the producing Party, in writing, that he or she possesses material that appears to be privileged. In the event a producing Party discovers it has disclosed Privileged Materials, the producing Party may provide notice to the receiving Party advising of the disclosure and requesting return or destruction of the Privileged Materials. Upon such notice, the receiving Party shall make no further use or examination of the Privileged Materials and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and, within ten (10) days of receiving such notice of production of Privileged Materials, the receiving Party shall destroy or return all original documents identified by the producing Party in such notice (whether electronic or hard copy), shall destroy or delete any and all copies (whether electronic or hard copy), and shall expunge from any other document, information or material derived from the produced Privileged Materials. To the extent the receiving Party provided any disclosed Privileged Materials to any other person or non-party, the receiving Party shall promptly make reasonable efforts to retrieve and destroy such Privileged Materials and notify the producing Party that it has done so. The Party clawing back the produced Privileged Materials will provide the receiving Party with a privilege log that reasonably identifies the basis for the assertion of privilege in accordance with paragraph 26 of this Stipulation.

25.     If, based on (1) the privilege log entries provided to the receiving Party by the producing Party, or (2) the receiving Party's review of documents that occurred prior to the assertion of privilege and claw-back, there is a dispute over whether the clawed-back documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the original documents shall nevertheless be immediately destroyed or returned to the producing Party along with all copies (whether electronic or hard copy) thereof.  All counsel shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without court intervention.  To the extent that counsel cannot resolve the issue, the receiving Party may bring a motion to compel production of the Privileged Materials.  In conjunction with such a motion, the receiving Party may request the Court review *in camera* the clawed-back documents at issue, and, if the Court so orders, the producing Party shall provide the Privileged Materials under seal to the Court for *in-camera* review.  In the event of a motion to compel production of the Privileged Materials, the burden is on the producing Party to provide, in its opposition to the motion to compel, information regarding the content and context of the Privileged Materials sufficient to establish the applicability of any asserted privilege or immunity from discovery.

26.     The Parties will exchange privilege logs consistent with the Joint Discovery Plan filed with the Court on January 22, 2021 (Dkt. 44).

27.     The provisions of this Stipulation shall be binding upon the Parties.  All modifications of, waivers of and amendments to this Stipulation must be in writing and signed by, or on behalf of, the Parties, unless otherwise ordered by the Court.

28.     This Stipulation is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the

Federal Rules of Civil Procedure or other applicable law.

29.     This Stipulation has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as Protected Information that has been generated or obtained lawfully by such Party independently of the proceedings in this Litigation.

30.     In the event that any additional Party joins or is joined in this Litigation, it shall not have access to Protected Information until the newly joined Party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation.

31.     The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

32.     This Stipulation shall continue to be binding after the conclusion of this Litigation except that: (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal and never unsealed); and (b) a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Stipulation.

33.     The Court shall retain jurisdiction to enforce this Stipulation even after the termination of the Litigation.

34.     Within ninety (90) days after the final termination of this Litigation (including, to the extent applicable, final court approval of a settlement) or exhaustion of all appeals, all Protected Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party, which option

shall be communicated in writing to the Receiving Party promptly after the final termination of this Litigation.  In the event that any Producing Party opts for destruction of its Protected Information, the Receiving Party shall certify, in writing, within ninety (90) days of the final termination of this Litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.  These best efforts need not include destroying Protected Information residing on back-up tapes or other disaster recovery systems.  Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of all Court filings, expert reports, documents constituting attorney work product, reports, pleadings, motion papers, discovery responses, deposition, hearing, and trial transcripts and deposition, hearing, and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.  Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts or consultants specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.  For the avoidance of doubt, experts, third-party vendors and consultants who have received Protected Information shall also be required to return or destroy such Protected Information pursuant to the terms of this paragraph.

DATED: February 5, 2021

| | |
|---|---|
| **KASOWITZ BENSON TORRES LLP** | **ROBINS KAPLAN LLP** |
| By: */s/ Kim Conroy* | By: */s/ Eamon O'Kelly* |
| Marc E. Kasowitz | Eamon O'Kelly, Bar No. (2908515) |
| Albert S. Mishaan | 399 Park Avenue |
| Kim Conroy | Suite 3600 |
| Christine M. Rodriguez | New York, NY 10022 |
| 1633 Broadway | Telephone: 212 980 7400 |
| New York, New York 10019 | Facsimile: 212 980 7499 |
| Tel.: (212) 506-1700 | EOKelly@RobinsKaplan.com |
| Fax: (212) 506-1800 | |
| kconroy@kasowitz.com | Denise Rahne |
| mkasowitz@kasowitz.com | Brendan Johnson |
| amishaan@kasowitz.com | Geoffrey Kozen |
| cmrodriguez@kasowitz.com | Kaitlin Ek |
| | **ROBINS KAPLAN LLP** |
| *Counsel for Plaintiff Max Levai* | 800 LaSalle Avenue, Suite 2800 |
| | Minneapolis, MN 55402 |
| | Tel.: (612) 349-8500 |
| | Fax: (612) 339-4181 |
| | DRahne@RobinsKaplan.com |
| | BJohnson@RobinsKaplan.com |
| | GKozen@RobinsKaplan.com |
| | KEk@RobinsKaplan.com |
| | |
| | *Counsel for Defendants Marlborough Gallery, Inc. and Stanley N. Bergman* |

SO ORDERED.

Dated: February 8, 2021
New York, New York

_____
JUDGE ALISON J. NATHAN
United States District Judge

> Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices, as relevant. SO ORDERED.

18

# EXHIBIT A

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, state that:

1. My business address is:

   _____.

2. My present employer is:

   _____.

3. I have received a copy of the Stipulation and Confidentiality and Protective Order (the "Stipulation") entered in the above-entitled action (the "Litigation") on_____.

4. I have carefully read and understand the provisions of the Stipulation.

5. I will comply with all of the provisions of the Stipulation.

6. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Litigation, any Protected Information that is disclosed to me.

7. At the conclusion of my work on this matter, I will return or destroy, to the extent permitted by law, all Protected Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Protected Information.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this Litigation.

**Dated:** _____    **Signature:** _____